IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN VELASQUEZ,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-105-DRH |
| | ) |
| **B. A. BLEDSOE,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Before the Court is a petition for writ of mandate (Doc. 1), which is more properly considered a petition for writ of habeas corpus, 28 U.S.C. § 2241. Petitioner argues that his current imprisonment in unconstitutional for two reasons: first, because there was never any "True Bill of Indictment" filed against him and, second, because his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).

The 19-page petition is devoid of any detail regarding Petitioner's conviction. He does not state where he was convicted, or when, or what sentence was imposed as the result of that conviction. In actuality, the petition reads more as a memorandum of law arguing, primarily, why his sentence should be invalidated under *Booker* and *Blakely*. Because this petition is lacking the necessary information, the Court cannot make any sort of determination regarding the merits of Petitioner's claims.

**IT IS THEREFORE ORDERED** that, within **THIRTY (30) DAYS** of the date of entry

of this order, Petitioner shall file a supplemental habeas corpus petition. That petition shall include specific information regarding his conviction: the court in which he was convicted, the case number, the year in which he was convicted, the crime of which he was convicted, the sentence imposed, and any information regarding his appeals or collateral challenges to that conviction and sentence.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Petitioner fail to file a supplemental petition that includes this necessary information, this case will be closed for failure to comply with an order of this Court. Fed.R.Civ.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to provide Petitioner with a sufficient number of this District's forms for a Section 2241 petition, so as to enable him to comply with this order.

**IT IS SO ORDERED.**

**DATED:   February 7, 2006.**

/s/   David RHerndon
**DISTRICT JUDGE**