IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN VELASQUEZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-105-DRH |
| | ) |
| **B. A. BLEDSOE,** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the United States Penitentiary at Marion, Illinois, brings action to challenge his 1993 conviction for bank robbery in the United States District Court for the Central District of California. *See United States v. Velasquez*, Case No. 92-cr-01173-AWT (C.D. Cal., filed Dec. 29, 1992).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner originally filed this action as a petition for writ of mandamus, invoking jurisdiction

under 28 U.S.C. §§ 1651 and 1261 (*see* Doc. 1). He later filed a supplement (Doc. 4) prepared on the forms provided in this District for habeas corpus petitions, 28 U.S.C. § 2241. In this action he presents two arguments: first, that the indictment was defective and, second, that his sentence is invalidated by *United States v. Booker*, 543 U.S. 220 (2005).[1]

Normally a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). Because this action is an effort to challenge the validity of his conviction and sentence, it is, in substance, a collateral attack on his conviction that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 980.

Therefore, if Petitioner wishes to attack his federal conviction orسentence, he must file a motion to vacate, set aside or correct sentence in the federal court which entered judgment. *See* 28

---

[1] The Seventh Circuit has held that the recent Supreme Court cases of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005) do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

U.S.C. § 2255.  Because this Court is not the federal court which entered judgment against Petitioner, this Court has no jurisdiction to address the merits of the instant petition.

Accordingly, leave to proceed *in forma pauperis* is **DENIED**, and this action is summarily **DISMISSED** with prejudice.  All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED:   May 25, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**